IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                          No. 21-cv-0712 MIS-JHR

CITY OF EDGEWOOD CHIEF OF POLICE,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Donald Thomas Sharp's failure to comply with the *in forma pauperis* statute, 28 U.S.C. § 1915. Sharp is incarcerated and proceeding *pro se*. On July 30, 2021, he filed a Civil Complaint alleging the Edgewood Police Chief failed to "oust … all state elected officials" from office. Doc. 1 at 1. Sharp alleges such failure constitutes treason, racketeering, and fraud. By an Order entered August 18, 2021, the Court directed Sharp to prepay the $402 civil filing fee or file an *in forma pauperis* motion along with an inmate account statement reflecting transactions for a six-month period. *See* Doc. 3; 28 U.S.C. § 1915(a).

Sharp filed a Motion to Proceed *In Forma Pauperis* (Doc. 5) but did not include the account statement. By a second Order entered September 7, 2021, the Court again directed Sharp to file a certified inmate account statement as required by 28 U.S.C. § 1915(a)(2). *See* Doc. 6. Both cure orders warned that the failure to timely comply would result in dismissal of this action without further notice. The second order was initially returned as undeliverable, *see* Doc. 7, but it appears Sharp received it eventually.

He failed to submit an inmate account statement by the October 7, 2021 deadline and instead filed a series of letters and motions explaining why he is not required to comply with § 1915. Construed liberally, Sharp alleges:

1. If the Court endeavors to collect fees, its "assets will be seized for corruption according to the RICO Act and Trump's executive order…" Doc. 4 at 2.

2. He does not owe a filing fee because his Civil Complaint (Doc. 1) asserts violations of the RICO Act rather than 42 U.S.C. § 1983 claims. Doc. 13.

3. He "does not require *in forma pauperis* forms" because the Treasury belongs to the citizens, and "citizens' debts are to be discharged." Doc. 11 at 1.

Many of these arguments are used by sovereign citizens and do not excuse Sharp from complying with Court orders. *See, e.g., In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Leiter v. Nickrenz,* 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016) (noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt"). Sharp's arguments are also contrary to 28 U.S.C. § 1915 and *Bruce v. Samuels*, 577 U.S. 82 (2016). *Bruce* emphasizes that "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Id.* at 89–90 (emphasis added). Plaintiff's pleading is titled "Civil Complaint," and there is no authority limiting the filing fee requirement to 42 U.S.C. § 1983 complaints.

The Tenth Circuit holds that where, as here, the plaintiff refuses to provide the

2

required forms under § 1915, courts may dismiss the case. *See, e.g., Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)); *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 Fed. App'x 759, 762 (10th Cir. 2016) (same).

Based on this authority, the Court will dismiss the Civil Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The Court will grant the pending Motion for Corrections (Doc. 13), which defines the nature of this civil action but does not impact the failure to comply with § 1915. All remaining motions to enter evidence; discharge fees; for summary judgment; and for injunctive relief (Docs. 10, 11, 15, 17, and 18) will be denied.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Motion for Corrections (**Doc. 13**) is **GRANTED**, to the extent Sharp wishes to define the nature of his Civil Complaint (**Doc. 1**).

**IT IS FURTHER ORDERED** that all remaining motions to enter evidence; discharge fees; for summary judgment; and for injunctive relief (**Docs. 10, 11, 15, 17, and 18**) are **DENIED.**

**IT IS FINALLY ORDERED** Plaintiff Donald Thomas Sharp's Civil Complaint filed

July 30, 2021 (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE